UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6  'O'

| Case No. | 2:17-cv-08234-CAS(JCx) | Date | December 15, 2017 |
|---|---|---|---|
| Title | L.G. EVERIST, INC. v. ENERGY TRANSPORT & LOGISTIC, LLC d/b/a INTRA ENERGY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) - ORDER GRANTING REMAND

On November 6, 2017, plaintiff L.G. Everist, Inc. filed an unlawful detainer action against defendant Energy Transport & Logistic, LLC. Dkt. 1 ("Compl."). On November 13, 2017, defendant filed a notice of removal to this court on the basis of diversity jurisdiction. Id. In the notice of removal, defendant contends that diversity jurisdiction exists because plaintiff is an Iowa corporation, defendant is a Delaware limited liability company, and the amount in controversy exceeds $75,000. Notice of Removal at 2.

On November 21, 2017, the Court ordered defendant to show cause why this matter should not be remanded to the Los Angeles County Superior Court. Dkt. 5. On December 4, 2017, defendant's counsel filed a response to the Court's order and acknowledged that because defendant's principal place of business is in California, there is no basis for diversity jurisdiction. Dkt. 6. ¶ 6. Defendant's counsel further asserted that the underlying lease is year-to-year and that the yearly rental price is $212,196.00. Id. ¶ 3–4. On December 5, 2017, plaintiff filed a response and argued that, in light of defendant's concession that complete diversity is lacking, and in light of the fact that defendant failed to otherwise respond to the Court's request to provide evidence that the amount in controversy is met, the Court lacks subject matter jurisdiction over the instant action. Dkt. 7.

For the reasons stated in the Court's order to show cause, this Court lacks subject matter jurisdiction over this unlawful detainer action. Moreover, the general removal statute precludes removal if a defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). While the Ninth Circuit treats the "forum defendant" rule contained in section 1441(b) as "procedural" and not jurisdictional, see Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006), defendant concedes that complete diversity does not exist on this basis. See 28 U.S.C. § 1447(c). Accordingly, even if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:17-cv-08234-CAS(JCx) | Date | December 15, 2017 |
| Title | L.G. EVERIST, INC. v. ENERGY TRANSPORT & LOGISTIC, LLC d/b/a INTRA ENERGY | | |

other requirements for diversity jurisdiction were met, the case would still be non-removable.

Thus, **it is hereby ordered that this case be remanded** to the Superior Court for the State of California, County of Los Angeles and that a certified copy of this order be mailed by the clerk of this court to the clerk of the Los Angeles County Superior Court, Central District, located at 110 North Grand Avenue, Los Angeles, CA 90012.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |